Marc E. Wolin (mwolin@saiber.com)
Jakob B. Halpern (jhalpern@saiber.com)
**SAIBER LLC**
270 Madison Avenue, Suite 1400
New York, NY 10016
Telephone: (212) 684-7800

John H. Jamnback (jjamnback@yarmuth.com)
**YARMUTH WILSDON PLLC**
1420 Fifth Avenue, Suite 1400
Seattle, Washington 98101
Telephone: (206) 516-3800

Attorneys for Plaintiff DIRECTV, LLC

### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF NEW YORK
### BUFFALO DIVISION

| | |
|---|---|
| DIRECTV, LLC, a California limited liability company,<br><br>        Plaintiff,<br><br>    v.<br><br>PAUL WRIGHT and THERESA WRIGHT, d/b/a ANAMETRICS CABLE,<br><br>        Defendants. | No. 1:15-cv-00474-FPG<br><br>**PLAINTIFF DIRECTV, LLC'S OPPOSITION TO DEFENDANT PAUL WRIGHT'S MOTION TO DISMISS FOR FAILURE TO JOIN INDISPENSABLE PARTIES UNDER FED. R. CIV. P. 19** |

Defendant Paul Wright (Wright") has filed a third Motion to Dismiss, this time requesting that the Court dismiss the Complaint "[f]or failure of Plaintiff to enjoin[1] indispensable parties… under Rule 19." ECF No. 30 at 3. Wright's Motion claims that DIRECTV "has not enjoined the Plaintiffs (sic) agents, representatives, contractors and/or employees working on commissions from the Plaintiff" but fails to offer any factual basis,

---

[1] Presumably, Wright means "failure to join" rather than "failure to enjoin."

argument, or authority as to why DIRECTV's failure to join these individuals/entities should result in the dismissal of its Complaint. *Id.* Wright's Motion to Dismiss is without merit, and should be denied.

## I. WRIGHT'S MOTION

Wright's Motion claims that DIRECTV's unnamed employees and agents, as well as unidentified "contractors," are somehow necessary and indispensable to the resolution of DIRECTV's Complaint against him. *See* Wright's Motion, ECF No. 30 at 3. While the Motion states that these individuals or entities assisted Wright by providing him with DIRECTV equipment, setting up that equipment, and helping him make it work, it does not provide any explanation as to <u>why</u> they are necessary and indispensable for purposes of Rule 19 joinder. As set forth below, these unnamed individuals or entities are neither necessary nor indispensable to DIRECTV's claims against Wright, which are based on his individual conduct.

## II. APPLICABLE LAW

Although styled as a Rule 19 joinder motion, to the extent Wright's Motion seeks dismissal of DIRECTV's Cross-Claim, it is a Rule 12(b)(7) motion to dismiss.[2] In considering Wright's Motion, the Court must accept as true all of the factual allegations contained in the DIRECTV's Complaint. "On a motion to dismiss, all factual allegations in the complaint are accepted as true and all inferences are drawn in the plaintiff's favor." *Apotex Inc. v. Acorda Therapeutics, Inc.*, 823 F.3d 51, 59 (2d Cir. 2016); citing *Littlejohn v. City of N.Y.,* 795 F.3d 297, 306 (2d Cir.2015).

---

[2] Wright omitted this Rule 12(b)(7) defense from his two prior motions to dismiss DIRECTV's Complaint. Under Rule 12 (g)(2) and (h)(2), his current motion may only be raised as follows: "**(A)** in any pleading allowed or ordered under Rule 7(a); **(B)** by a motion under Rule 12(c); or **(C)** at trial." *See* Fed. R. Civ. P. 12(h)(2). The most applicable of these exceptions is Rule 12(c), but that provision is limited in terms of procedural timing to "[a]fter the pleadings are closed--but early enough not to delay trial". *See* Fed. R. Civ. P. 12(c). Accordingly, as a strictly procedural matter, Wright's Motion should be denied as premature.

"In determining whether an action should be dismissed for nonjoinder, the court must initially determine whether the party should be joined as a 'necessary party' under Rule 19(a)." *ConnTech Dev. Co. v. Univ. of Conn. Educ. Props., Inc.,* 102 F.3d 677, 681 (2d Cir.1996). An absent person or entity may be "necessary" under Rule 19(a) if "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may, ... as a practical matter, impair or impede the person's ability to protect the interest." Fed.R.Civ.P. 19(a)(1)(B). If joinder of a "necessary" party under Rule 19(a) is not feasible, the court consults Rule 19(b), which "requires courts to consider whether, 'in equity and good conscience,' the party is one without whom the action between the remaining parties cannot proceed—or, in the traditional terminology, whether the absent party is 'indispensable.' " *Marvel Characters, Inc. v. Kirby,* 726 F.3d 119, 132 (2d Cir.2013) (quoting Fed.R.Civ.P. 19(b)). "Federal courts are extremely reluctant to grant motions to dismiss based on nonjoinder and, in general, dismissal will be ordered only when the defect cannot be cured and serious prejudice or inefficiency will result." *Am. Trucking Ass'n, Inc. v. N.Y. State Thruway Auth.*, 795 F.3d 351, 356–57 (2d Cir. 2015) quoting 7 Charles Alan Wright & Arthur R. Miller, Fed. Practice & Procedure § 1609 (3d ed.2015).

Rule 19 "sets forth a two-step test for determining whether the court must dismiss an action for failure to join an indispensable party." *Viacom Int'l, Inc. v. Kearney,* 212 F.3d 721, 724 (2d Cir.2000); *see also See Bodner v. Banque Paribas,* 114 F.Supp.2d 117, 137 (E.D.N.Y.2000) ("First, the court must determine whether an absent party ... qualifies as a 'necessary' party under Rule 19(a)"). The burden of demonstrating that a party is necessary rests with the moving party. *Id*.

If a court determines that the criteria set forth in Rule 19(a) is met, it must order the absent party to be joined. Fed.R.Civ.P. 19(a)(2). Where joinder of that party is not feasible, the court then proceeds to the second step, and considers "whether, in equity and good

conscience, the action should proceed among the existing parties or should be dismissed." *Id.* 19(b); *see also Jota v. Texaco, Inc.,* 157 F.3d 153, 162 (2d Cir.1998); *Bodner,* 114 F.Supp.2d at 137. "Only where the Court makes a finding that a party is necessary will it continue to the second inquiry ...." *Bodner,* 114 F.Supp.2d at 137; *see also Temple v. Synthes Corp., Ltd.,* 498 U.S. 5, 8, 111 S.Ct. 315, 112 L.Ed.2d 263 (1990) (per curiam); *Ryan v. Volpone Stamp Co., Inc.,* 107 F.Supp.2d 369, 387 (S.D.N.Y.2000).

Under Rule 19(a), an absent party is <u>necessary</u> to a litigation if (A) "the court cannot accord complete relief among existing parties," or (B) the absent party "claims an interest relating to the subject of the action and is so situated that disposing of the action in [that party's] absence may" either "(i) as a practical matter impair or impede [the absent party's] ability to protect the interest or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed.R.Civ.P. 19(a)(1); *see also Johnson v. Smithsonian Inst.,* 189 F.3d 180, 188 (2d Cir.1999); *Greenwich Life Settlements, Inc. v. ViaSource Funding Grp., LLC,* 742 F. Supp. 2d 446, 455–56 (S.D.N.Y. 2010) "[T]he substantial risk of inconsistent obligations must be *caused by* the nonparty's absence in the case.") *MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.,* 471 F.3d 377, 388 (2d Cir.2006) (emphasis in original).

### III. ARGUMENT

Wright's Motion completely ignores the two-step analysis required under Rule 19, and is devoid of any factual allegations or legal arguments that could support his request for a dismissal of the Complaint. *See* Rule 19, Fed.R.Civ.P. First, Wright must prove that the unnamed persons/entities are *necessary* parties under Rule 19(a) who should be joined if feasible. If the court determines the unnamed persons/entities are necessary parties and cannot be joined, there is still no automatic rule of dismissal of DIRECTV's Complaint. Instead, the court must make a second determination under Rule 19(b), as to whether equitable precepts preclude the extreme sanction of dismissal. *ConnTech Dev. Co. v. Univ.*

2831e5e4fd7c86fb

*of Conn. Educ. Props., Inc.,* 102 F.3d 677, 681 (2d Cir.1996); *Wylain, Inc. v. Kidde*

*Consumer Durables Corp.,* 74 F.R.D. 434, 436 (D. Del. 1977).

Rule 19(a) prescribes three tests for determining whether an absent party is a

necessary party:

(A)      in that person's absence, complete relief cannot be afforded among those already
parties; or

(B)      that person claims an interest relating to the subject of the action and is so situated
that disposing of the action in the person's absence may:

(i)      as a practical matter impair or impede the person's ability to protect that
interest, or

(ii)      leave an existing party subject to a substantial risk of incurring double,
multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a).

The substance of Wright's Motion to Dismiss is set forth in just two sentences:

1.      Plaintiff has not enjoined the Plaintiffs (sic) agents, representatives,
contractors and/or employees working on commissions from the Plaintiff and who made
substantial representations to the Defendant on the use of the Plaintiffs (sic) equipment and
who with their special knowledge/expertise, facilitated its installation and used for the
Defendant.

2.      The agents of the Plaintiff received extensive consideration for installing
said equipment in the locations where the equipment was used by the Defendant for
purposes agreed upon by Plaintiffs (sic) agents and this Defendant.

ECF No. 30 at 3.

If Wright is claiming that DIRECTV's Complaint should be dismissed for failing to

"*enjoin*" its "agents, representatives, contractors and/or employees," the Motion is simply

nonsensical.  If Wright actually means that DIRECTV failing to *join* its "agents,

representatives, contractors and/or employees" as parties in this lawsuit, he offers no factual

or legal basis to show why DIRECTV cannot obtain complete relief on its claims against

him without joining these entities, and fails to meet the requirements of Rule 19.  Wright's

Motion does not identify any specific DIRECTV "agents, representatives, contractors and/or employees" that Wright claims are indispensable; or the complete relief that cannot be afforded in the absence of those persons or entities.  It does not identify the interest in the subject of the action at issue, how that interest may be impaired or impeded, or how Wright may be adversely affected in the absence of joinder.  Wright offers no explanation as to why the fact that these unnamed "agents, representatives, contractors and/or employees" allegedly helped install DIRECTV equipment makes them indispensable parties to DIRECTV's claims against Wright.

Wright's Motion provides only the barest legal conclusion that DIRECTV failed to join indispensable parties.  He does not provide anything approaching a sufficient factual showing to meet the requirements of Rule 19.  A person or entity is not a necessary party simply because an existing party would prefer it, or because two claims may be based on common facts -- that would render the distinction between permissive joinder under Rule 20,  and Rule 19 "mandatory" joinder "practically meaningless."  *Field v. Volkswagenwerk AG,* 626 F.2d 293, 301 (3d Cir.1980).  A party is necessary under Rule 19(a) only if the party's presence is needed to afford "complete relief to those *already parties,*" Rule 19(a)(1) (emphasis added), or if the nonparty "claims an interest" in the "subject of the action" and a failure to join that party would either "impair or impede the [nonparty's] ability to protect that interest," Rule 19(a)(2)(i), or would "leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations," Rule 19(a)(2)(ii).  *See also United States v. Arlington County, Va.*, 669 F.2d 925, 929 (4th Cir. 1982).

## A.      DIRECTV May Obtain Complete Relief from Wright

With reference to the first test, Rule 19(a)(1) Wright is apparently arguing that there cannot be complete relief because Wright may raise some sort of defense, or claim contribution or indemnification concerning the conduct of DIRECTV's "agents,

representatives, contractors and/or employees." This contention misunderstands both Rule 19 and the nature of Wright's potential liability under the causes of action alleged in DIRECTV's Complaint. The "complete relief" provision of Rule 19 relates to those persons already parties and does not concern any subsequent relief via contribution or indemnification for which the absent party might later be responsible. *See* Fed. R. Civ. P. 19(a)(1)(A) (" in that person's absence, the court cannot accord complete relief among existing parties"); *Morgan Guaranty Trust Co. of New York v. Martin,* 466 F.2d 593 (7th Cir.1972). Thus, the "complete relief" requirement concerns the ability of DIRECTV to obtain complete relief from Wright on its Complaint. Wright's claims regarding possible defenses to the Complaint are not relevant to the inquiry absent the required factual showing required by Rule 19.

DIRECTV's Complaint is directed at Wright's conduct, and not the conduct of the unnamed DIRECTV "agents, representatives, contractors and/or employees." DIRECTV's claims against Wright are direct rather than vicarious. As summarized in the Complaint, DIRECTV alleges that Paul Wright "fraudulently obtaining DIRECTV's satellite television programming and distributing that programming over one or more cable systems owned and operated by [defendants][3] in and around Amherst, New York." Complaint, ECF No. 1, ¶ 1. The Complaint further alleges that:

Paul Wright has operated one or more cable systems in Western New York under the name "Anametrics Cable." Upon information and belief, Paul Wright personally participated in and/or had the right and ability to supervise, direct and/or control the wrongful conduct undertaken on behalf of "Anametrics Cable" alleged herein, derived direct financial benefit from that wrongful conduct, and is personally liable therefore. *Id*., ¶ 5.

DIRECTV's Complaint is not seeking to impose vicarious liability on Wright because of some affiliation with an unnamed individual or entity. Rather, DIRECTV has alleged that Wright either committed the illegal acts himself, or personally directed the

---

[3] Co-defendant Theresa Wright has defaulted.

illegal conduct.  Wright's allegations that other persons or entities provided him with DIRECTV equipment, and helped him install it do not prevent DIRECTV from obtaining full and complete relief on its claims against Wright.

In sum, the issue under Rule 19(a)(1) is not whether Wright can obtain full relief in this proceeding, but whether DIRECTV can obtain full relief from Wright.  *See Wylain,* 74 F.R.D. at 436.  *See also Herpich v. Wallace,* 430 F.2d 792, 817 (5th Cir. 1970) (holding that other entities were not indispensable parties where the relief *plaintiff* sought could be accorded from the named *defendant*).  Further, it is also well settled under the case law that even if Wright is potentially indemnified by these unnamed individuals/entities, that fact does not make them indispensable parties under Rule 19.  *Pasco Intern. Ltd. v. Stenograph Corp.,* 637 F.2d 496, 503 (7th Cir. 1980) (explaining that "potential indemnitors have never been considered indispensable parties, or even parties whose joinder is required if feasible.") (citations omitted); *see also Nottingham v. General American Communications Corp.,* 811 F.2d 873, 880 (5th Cir.), *cert. denied,* 484 U.S. 854 (1987) (same).

**B.    No Other Parties' Rights Would Be Impaired or Impeded in their Absence.**

With respect to the second test, the moving party must prove not only that the absent party "claims an interest relating to the subject of the action," but is "so situated that the disposition of the action in the person's absence may... as a practical matter impair or impede the person's ability to protect that interest."  Fed. R. Civ. P. 19(a)(2)(i). Rule 19(a)(2)(i) "was promulgated principally to protect an absent person with an interest in a specific fund ...."  *Wylain,* 74 F.R.D. at 436.  Here, Wright makes only passing reference to the language of the Rule and offers nothing further in support of his argument.  ECF No. 30 at 3.  He offers no reason why the absence of these individuals or entities impairs his ability to protect any identifiable interest in this matter.  *Id.*  This is not the showing of specific harm required under Rule 19(a)(2)(i).  Wright has not demonstrated an interest in these proceedings on the part of the unnamed persons/entities to make them necessary parties

under Rule 19(a).

**C.      Wright Will Not Be Subject to a Substantial Risk of Incurring Double, Multiple, or Otherwise Inconsistent Obligations.**

Under Rule 19(a)'s third test, a party is necessary if the party "claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may ... leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest." Fed. R. Civ. P. 19(a)(2)(ii).  Again, Wright offers nothing in support of his argument.

In sum, Wright has failed to satisfy its burden of proving that the unnamed individuals/entities are necessary parties under any of Rule 19's three tests, and accordingly Wright's motion to dismiss must fail. Because these unnamed individuals/entities are not necessary parties, they cannot be indispensable parties.  *See Schlumberger Indus. Inc., v. National Surety Corp.,* 36 F.3d 1274, 1285- 86 (4th Cir.1994) ("Only necessary persons can be indispensable, but not all necessary persons are indispensable.").  Thus, the analysis under Rule 19(b) begins and ends with a determination that the unnamed persons/entities are not necessary parties.  *S. Co. Energy Mktg., L.P. v. Virginia Elec. & Power Co.,* 190 F.R.D. 182, 189 (E.D. Va. 1999).

In any event, even assuming, *arguendo,* that the unnamed persons/entities were necessary parties, Wright's Motion does not meet the strict requirements of Rule 19(b) for indispensability.

**D.      Even if the Unnamed Persons/Entities were Necessary Parties, they are Not Indispensable Parties**

Even if Wright could prove that there are additional necessary parties, (which he cannot) he still cannot show that any such party is an <u>indispensable</u> party under Rule 19(b). Even if a party is necessary under Rule 19(a), there is no automatic rule of dismissal of the plaintiff's action if the party cannot be joined.  Instead, the court must assess under Rule

19(b) "whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable." Fed. R. Civ. Proc. 19(b).  The four factors to be considered are:

**(1)** the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
**(2)** the extent to which any prejudice could be lessened or avoided by: **(A)** protective provisions in the judgment;**(B)** shaping the relief; or **(C)** other measures;
**(3)** whether a judgment rendered in the person's absence would be adequate; and
**(4)** whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19

This test is applied strictly, as "[c]ourts are loath to dismiss cases based on nonjoinder of a party."  *Owens-Illinois, Inc. v. Meade*, 186 F.3d 435, 441 (4th Cir. 1999). As already demonstrated herein, the unnamed persons/entities are not necessary parties under Rule 19(a), and as one court has explained, "[t]he factors considered in the Rule 19(b) analysis are closely related to the analysis of whether joinder of a particular party is desirable [under Rule 19(a)]."  *Rhone-Poulenc, Inc. v. Int'l Ins. Co.,* 1996 WL 435180, *9 (N.D. Ill. 1996) (citing Wright, Miller & Kane, § 1604 at 47).

Wright's Motion, which fails to either identify the parties that he claims should be subject to mandatory joinder, or describe the particular prejudice that he will incur absent joinder, presents an insufficient basis for any further analysis or consideration under Rule 19(b) – much less a basis for granting such a motion.  The motion to dismiss should be summarily denied.

## IV.    CONCLUSION

For the reasons stated herein, Wright's Motion to Dismiss should be denied

Respectfully submitted this 17th day of October, 2016.

/s/ *John H. Jamnback*
John H. Jamnback (jjamnback@yarmuth.com)
**YARMUTH WILSDON PLLC**
1420 Fifth Avenue, Suite 1400
Seattle, Washington 98101
Telephone: (206) 516-3800

Marc E. Wolin (mwolin@saiber.com)
Jakob B. Halpern (jhalpern@saiber.com)
**SAIBER LLC**
270 Madison Avenue, Suite 1400
New York, NY 10016
Telephone: (212) 684-7800

Attorneys for Plaintiff DIRECTV, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I caused true and correct copies of the foregoing to

be placed in the United States mail postage prepaid to the following:

Theresa Wright                    Paul Wright
2207 North French Road            577 Campbell Blvd
Getzville, NY  14068              Getzville, NY  14068

Respectfully submitted this 17th day of October, 2016.

_/s/ John H. Jamnback_
John H. Jamnback

900.29 qj170901 10/17/16