UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DIRECTV, LLC,

                Plaintiff,

v.

PAUL WRIGHT and THERESA WRIGHT,
d/b/a ANAMETRICS CABLE,

                Defendants.

Case # 15-CV-474-FPG

DECISION AND ORDER

## INTRODUCTION

Plaintiff DirecTV, LLC ("DirecTV") alleges that Defendants Paul Wright and Theresa Wright, doing business as Anametrics Cable, violated Residential Account contracts with DirecTV and illegally provided DirecTV television programming to subscribers in the Buffalo, New York area. ECF No. 1. Presently before the Court are two motions to dismiss filed by Mr. Wright, who represents himself *pro se*. ECF Nos. 25, 30. Both motions are denied.

## DISCUSSION

Because Mr. Wright is proceeding *pro se*, his submissions "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (alterations, citations, and internal quotations omitted); *see also Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994) (observing that district courts should afford pro se litigants "special solitude").

Mr. Wright has filed three separate motions to dismiss in this case. In his first motion, Mr. Wright cited Rule 12(b)(6) and argued that DirecTV failed to state a claim upon which relief can be granted. ECF No. 13. The Court reviewed Mr. Wright's arguments, denied the motion to dismiss, and directed Mr. Wright to answer the complaint. *See* ECF Nos. 19, 21.

Mr. Wright then filed a second motion to dismiss under Rule 12(b)(6). ECF No. 25. In his second motion, Mr. Wright states that he "had a preexisting contractual relationship that covered the terms of use with [DirecTV] for services in which Defendant exercised all reasonable care in executing." *Id.* at 3. This is a new argument that was not included in Mr. Wright's first motion. *See* ECF No. 13.

In his third motion, Mr. Wright cites Rule 19 and asks the Court to dismiss DirecTV's complaint for "failure . . . to enjoin [sic] indispensable parties." ECF No. 30. Specifically, Mr. Wright argues:

> Plaintiff has not enjoined the Plaintiffs agents, representatives, contractors and/or employees, working on commissions from the Plaintiff and who made substantial representations to the Defendant on the use of Plaintiffs equipment and who with their special knowledge/expertise, facilitated its installation and use for the Defendant. The agents of the Plaintiff received extensive consideration for installing said equipment in the locations where the equipment was used by the Defendant for the purposes agreed upon by Plaintiffs agents and this Defendant.
>
> For failure of Plaintiff to enjoin indispensable parties Defendant asks the court to dismiss the complaint under Rule 19.

*Id.* at 3. Reading this third motion liberally, the Court construes it as a motion to dismiss pursuant to Rule 12(b)(7) for "failure to join a party under Rule 19." *See* Fed. R. Civ. P. 12(b)(7). Again, this argument was not raised previously.

Mr. Wright's motions are denied for two basic reasons. First, Rule 12(g)(2) states that "[e]xcept as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." The arguments in Mr. Wright's second and third motions were not included in his first motion, and there is no indication that those arguments were omitted because they were somehow unavailable to him. The exceptions in Rule 12(h)(2) and (3) do not apply.

Second, Mr. Wright's motions must be denied because they are meritless. With respect to the motion under Rule 12(b)(6), Mr. Wright's argument regarding a "preexisting contractual relationship" with DirecTV is not appropriate at this stage of the litigation. At a later stage, such as summary judgment or trial, Mr. Wright will have the opportunity to argue—and present evidence—that DirecTV's allegations are false. But for now, in judging the sufficiency of DirecTV's complaint, the Court assumes the truth of DirecTV's factual allegations. *See Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005).

Mr. Wright's motion under Rule 12(b)(7) must be denied because he has not shown why the unnamed individuals he references are indispensable parties under Rule 19. Under Rule 19, a party must be joined if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>  i. as a practical matter impair or impeded the person's ability to protect the interest; or
>  ii. leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). Even construing Mr. Wright's motion liberally, there is no indication that the Court cannot provide complete relief among the existing parties. Similarly, there is no indication that the unnamed "agents, representatives, contractors and/or employees" of DirecTV claim a financial interest in this case.

Further, Mr. Wright's motion under Rule 12(b)(7) would be denied even if the unnamed DirecTV agents were required to be joined. Ordinarily, if a party has not been joined as required, "the court must order that the person be made a party." Fed. R. Civ. P. 19(a)(2). When that party cannot be joined, only then does Rule 19(b) require courts to consider "whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." *See* Fed. R. Civ. P. 19(b). And even in that circumstance, "[f]ederal courts are

extremely reluctant to grant motions to dismiss based on nonjoinder and, in general, dismissal will be ordered only when the defect cannot be cured and serious prejudice or inefficiency will result." *Am. Trucking Ass'n, Inc. v. N.Y. State Thruway Auth.*, 795 F.3d 351, 357 (2d Cir. 2015) (quoting 7 Charles Alan Wright & Arthur R. Miller, Fed. Practice & Procedure § 1609 (3d ed. 2015)). Here, Mr. Wright has not provided any information that would allow the Court to determine that dismissal is appropriate.

## CONCLUSION

For the reasons stated above, Paul Wright's motions to dismiss (ECF Nos. 25, 30) are both DENIED. Paul Wright is directed to file an answer to the complaint on or before July 31, 2017.

IT IS SO ORDERED.

Dated: June 29, 2017
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court