UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DIRECTV, LLC,

                                            Plaintiff,

                                            Case # 15-CV-474-FPG

v.

                                            DECISION AND ORDER

PAUL WRIGHT et al.,

                                            Defendants.
_____

**INTRODUCTION**

On July 28, 2017, Defendant Theresa Wright filed a Motion for an Extension of Time to Find an Attorney. ECF No. 34. Plaintiff opposes Defendant's Motion and argues that granting Defendant's request will only further delay this matter. ECF No. 38.

**DISCUSSION**

Defendant was served with Plaintiff's Complaint on September 1, 2015. ECF No 11. On June 3, 2016, the Court denied her Motion to Dismiss. ECF No. 19. On Defendant's request, the Court extended her deadline to answer or otherwise respond to the Complaint to September 6, 2016. ECF Nos. 22, 24. Defendant failed to file any answer or motion or to otherwise communicate with the Court by the deadline. Thus, on September 26, 2016, Plaintiff requested that the Clerk of Court enter default against Defendant and such default was entered the next day. ECF Nos. 27, 28.

"Federal Rule of Civil Procedure 55 is the basic procedure to be followed when there is a default in the course of litigation." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) (citation omitted). The entry of judgment against a party who fails to defend is

a "two-step process": (1) the entry of a default, and (2) the entry of a default judgment. *Id.* (citation omitted).

The first step, entry of a default, formalizes a judicial recognition that a defendant has admitted liability to the plaintiff through its failure to defend the action. *Id.* Rule 55(a) provides:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Fed. R. Civ. P. 55(a).

Pursuant to Rule 55(c), "[t]he court may set aside an entry of default for good cause[.]" Fed. R. Civ. P. 55(c). "Good cause" is undefined, however, "the Second Circuit has instructed district courts 'to consider three criteria in deciding a Rule 55(c) motion: (1) whether the default was willful; (2) whether setting aside the default would prejudice the party for whom default was awarded; and (3) whether the moving party has presented a meritorious defense.'" *Murray Eng'g, P.C. v. Windermere Properties LLC*, No. 12 CIV. 0052 JPO, 2013 WL 1809637, at *3 (S.D.N.Y. Apr. 30, 2013) (quoting *Peterson v. Syracuse Police Dep't.*, 467 F. App'x 31, 33 (2d Cir. 2012) (summary order)).

The second step, entry of a default judgment, which has not occurred in this case,[1] converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled, to the extent permitted by Rule 54(c). *Mickalis Pawn Shop*, 645 F.3d at 128.

---

[1] Plaintiff's letter in opposition to Defendant's Motion indicates that it "refrained from moving for the entry of default judgment while defendant Paul Wright's motions to dismiss were pending," however, "now that those have been denied and Mr. Wright has defaulted as well, [it] plans to move for the entry of default judgment against both defendants in short order." ECF No. 38 at 1-2.

Here, Defendant has not asked the Court to vacate the entry of default for good cause pursuant to Rule 55(c), and she has not asked the Court to appoint her an attorney. She merely asks for "more time to find an attorney." ECF No. 34 at 2. Defendant asserts that she "has been acting pro se and is attempting to obtain the services of an attorney" and that she "moved recently and only just received the court's notice a short time ago."[2] *Id.* at 2. It is unclear to the Court why Plaintiff waited until July 28, 2017—after this matter had been pending for over two years and default had been entered against her for 10 months—to make such a request. Nonetheless, the Court has set no specific "deadline" for Defendant to secure counsel, and therefore Defendant does not need the Court's permission to continue to search for an attorney.

## CONCLUSION

For the reasons stated, Defendant's Motion for an Extension of Time to Find an Attorney (ECF No. 34) is DENIED.

IT IS SO ORDERED.

Dated: October 5, 2017
      Rochester, New York

                                                        HON. FRANK P. GERACI, JR.
                                                        Chief Judge
                                                        United States District Court

---

[2] It is unclear what notice Defendant is referring to, but all correspondence from Plaintiff and the Court has been sent to Defendant's address of record. Defendant does not explain how her "recent move" affected her ability to answer the Complaint or to respond to the entry of default against her.