UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DIRECTV, LLC, a California limited liability
company,

                                     Plaintiff,

v.

                                     Case # 15-CV-474-FPG

                                     DECISION AND ORDER

PAUL WRIGHT and THERESA WRIGHT,
d/b/a ANAMETRICS CABLE,

                                     Defendants.

## INTRODUCTION

On May 29, 2015, DirecTV filed a complaint alleging that Defendants Paul and Theresa Wright, doing business as Anametrics Cable, improperly requested, received, and distributed 85 DirecTV receivers to individuals in the Buffalo area and charged those individuals for access to DirecTV. *See* ECF No. 1. DirecTV was not compensated by Defendants or the individuals to whom they distributed the receivers. *See id.*

In August of 2016, the Court granted Defendants' motions for extensions of time to respond to the Complaint. *See* ECF Nos. 22-23. Paul moved to dismiss the Complaint on September 8, 2016, and October 3, 2016, while Theresa missed the Court's deadline. *See* ECF Nos. 25, 27-28, 30. DirecTV then moved for and received a clerk's entry of default against Theresa. ECF No. 28.

The Court denied Paul's Motions on June 29, 2017, and ordered him to answer the Complaint. ECF No. 32. Later that year, on July 28, 2017, Theresa moved for an extension of time to hire an attorney, which the Court denied. ECF Nos. 34, 39.

Paul failed to timely answer the Complaint. *See* ECF No. 36. DirecTV then moved for and received a clerk's entry of default as to Paul. *Id.*

Two weeks later, on October 19, 2017, DirecTV moved for default judgment as to both Defendants. ECF No. 40. A month later, on November 20, 2017, Paul and Theresa moved to dismiss the Complaint. ECF No 42. On February 9, 2018, Theresa moved the Court to appoint counsel for her. ECF No. 44.

On September 7, 2018, at oral argument, the Court denied Defendants' Motion to Dismiss and Theresa's Motion to Appoint Counsel and reserved on DirecTV's Motion for Default Judgment. For the reasons stated, DirecTV's Motion is DENIED.

## DISCUSSION

A plaintiff must follow a specific process to obtain a default judgment. Fed. R. Civ. P. 55; *Gasser v. Infanti Int'l, Inc.*, No. 03 CV 6413 (ILG), 2008 WL 2876531, at *6 n.6 (E.D.N.Y. July 23, 2008); *Brown v. Marshall*, No. 08-CV-12F, 2009 WL 1064189, at *1 (W.D.N.Y. Apr. 20, 2009). First, when a defendant has "failed to plead or otherwise defend" an action against her, the plaintiff must secure an entry of default from the clerk via an affidavit or other showing. Fed. R. Civ. P. 55(a). Next, if the plaintiff is seeking a "sum certain" and the defendant is neither a minor nor incompetent, the plaintiff may request the clerk to enter a default judgment, and the clerk must oblige. Fed. R. Civ. P. 55(b)(1). "In all other cases," the party seeking a default judgment must apply to the court. Fed. R. Civ. P. 55(b)(2). Default judgments are generally disfavored and are reserved for rare occasions. *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993); *see also New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005) (noting that the Second Circuit "has expressed a strong preference for resolving disputes on the merits" (quotation marks omitted)).

The clerk's entry of default is a mandatory pre-condition to seeking a default judgment from the Court. *See, e.g., Perkins v. Napoli*, No. 08-CV-6248 CJS, 2010 WL 455475 at *1 (W.D.N.Y. Feb. 4, 2010). After the clerk enters default against a defendant under Rule 55(a), however, the Court may set it aside for good cause. Fed. R. Civ. P. 55(c).

Typically, when a motion for default judgment is unopposed, the Court must accept the well-pleaded facts in the complaint and evaluate whether the movant is entitled to damages. *Rochester Laborers' Welfare-S.U.B. Fund by Brown v. Journee Constr., Inc.*, 305 F. Supp. 3d 444, 446-47 (W.D.N.Y. 2018). When the motion is opposed in any form, however, the Court may construe the opposition as a motion to vacate the default. *See Ideavillage Prods. Corp. v. Media Brands Co.*, No. 14-CV-6008 (KMW)(DCF), 2015 WL 5613263, at *1 n.1 (S.D.N.Y. Sept. 24, 2015) (citing *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981) ("Even if a default had been entered, opposition to a motion for a default judgment can be treated as a motion to set aside the entry of a default despite the absence of a formal Rule 55(c) motion.")).

Here, the Court construes Defendants' Motion to Dismiss as a Motion to Set Aside the Clerk's Entries of Default. Doing so is particularly prudent since Defendants are proceeding pro se and the Court is therefore required to construe their submissions liberally.

The Court should consider three factors to determine whether to set aside an entry of default for good cause: "(1) the willfulness of default, (2) the existence of any meritorious defenses, and (3) prejudice to the non-defaulting party." *Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 454 (2d Cir. 2013). Based on its review of these factors, the Court finds good cause here.

### A. Willfulness

A default is "willful" when it is deliberate and not brought on by outside factors. *Bricklayers & Allied Craftworkers Local 2, Albany Pension Fund v. Moulton Masonry & Constr.,*

*LLC*, 779 F.3d 182, 188 (2d Cir. 2015); *see also Guggenheim Capital, LLC*, 722 F.3d at 455.  The Second Circuit has construed "willfulness" to be more than negligence, such as egregious or deliberate conduct.  *Green*, 420 F.3d at 108.

Here, Defendants' defaults were more than negligent, but less than egregious or deliberate.  Both Defendants have, somewhat inconsistently, responded to DirecTV's motions and the Court's orders.  Both ignored the Court's order to answer the Complaint, but both opposed the Motion for Default Judgment.  *See* ECF No. 42.  Additionally, Paul moved to dismiss the Complaint three times, ECF Nos. 13, 25, 30, 42, and Theresa moved to dismiss it once, ECF No. 12; both have moved for extensions of time, ECF Nos. 22-23, 34; and Theresa moved the Court to appoint an attorney for her, ECF No. 44, and notified the Court that her address changed, ECF No. 35.  In sum, while Defendants have not responded to all prompts from DirecTV and the Court, it does not appear that they are delaying the case purposefully.  Consequently, the Court finds this factor neutral.

### B. Meritorious Defense

A defense is meritorious if it is "more than conclusory."  *Green*, 420 F.3d at 110.  Whether a defense is meritorious "is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." *Johnson v. NYU*, 324 F.R.D. 65, 71 (S.D.N.Y. 2018) (quoting *Enron Oil Corp.*, 10 F.3d at 98).  The threshold for this factor is low.  *See id.*

Here, Defendants have a meritorious defense.  Their most recent Motion to Dismiss contains several arguments that answer DirecTV's allegations: Paul alleges that he never contracted with DirecTV for the receivers, that DirecTV is not entitled to damages because Anametrics Cable ceased business operations in 2014, and that Theresa should not be held liable

because the Complaint does not contain allegations that she was involved in the alleged scheme. Given those arguments and the low threshold for this factor, the Court finds that this factor favors Defendants.

### C. Prejudice

Finally, prejudice exists where delay will "thwart [the non-defaulting party's] recovery or remedy[,] . . . result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Green*, 420 F.3d at 110 (quoting *Davis v. Musler*, 713 F.2d 907, 915 (2d Cir. 1983)).

Here, while the Court acknowledges that Defendants' actions have caused substantial delay, there is no prejudice to DirecTV outside of continued, general delay. DirecTV has alleged no prevention of recovery or remedy, no loss of evidence, and no opportunity for fraud or collusion as a result of Defendants' defaults. Additionally, there are no discovery issues because discovery has not begun in this case. The Courts recognizes that DirecTV wants to move the case forward, but, outside of general delay, it does not appear that DirecTV will experience prejudice. Accordingly, the Court finds that this factor weighs in Defendants' favor, albeit slightly.

Additionally, courts within the Second Circuit have entered default judgment against pro se defendants only where they repeatedly violated court orders and were warned multiple times that default judgment could be entered against them if their behavior continued. *See, e.g., Koch v. Rodenstock*, No. 06 Civ. 6586, 2010 WL 2010892, at *6 (S.D.N.Y. Apr. 23, 2010) (entering default judgment against a pro se defendant where "the Court afforded Defendant three separate opportunities to appear for a scheduled conference [and] explicitly warned Defendant that he could face sanctions, including the entry of a default judgment"); *Sony BMG Music Entm't v. Thurmond*, No. CV-06-1230, 2009 WL 4110292, at *3 (E.D.N.Y. Nov. 24, 2009) (entering default judgment

against a pro se defendant where she, "despite numerous warnings, . . . flouted court orders and . . . repeatedly refused to comply with her discovery obligations").

While Defendants have repeatedly violated Court orders, the Court has not warned them that their conduct could result in sanctions or the entry default of judgment against them. Consequently, the Court finds that entering default judgment now would be improper. However, the Court warned Defendants about the potential consequences of their misconduct at oral argument on September 7, 2018, and the Court repeats that warning here: Defendants' future disregard for Court orders may result in sanctions, including the entry of default judgment.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Default Judgment, ECF No. 40, is DENIED. Defendants are hereby ordered to answer the Complaint by October 26, 2018. Defendants are again warned that a failure to answer the Complaint or any future failure to follow a Court Order or deadline may result in sanctions or judgment being entered against Defendants for an amount of damages determined by the Court.

IT IS SO ORDERED.

Dated: September 19, 2018
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court