UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DIRECTV, LLC, a California limited liability
company,

                              Plaintiff,

v.

                                                          Case # 15-CV-474-FPG

                                                           DECISION AND ORDER &
                                                           ORDER TO SHOW CAUSE

PAUL WRIGHT and THERESA WRIGHT,
d/b/a ANAMETRICS CABLE,

                              Defendants.
_____

## INTRODUCTION

On September 7, 2018, over three years after Plaintiff DirecTV filed its complaint, the Court held a hearing in which it denied Defendants Paul and Theresa Wright's joint motion to dismiss and Theresa's motion to appoint counsel. At the hearing, the Court explained to Defendants that they are required to answer the complaint, a motion to dismiss does not function as an answer, and any failure to follow the Court's order could result in sanctions, including the entry of default judgment. The Court repeated that warning in a decision and order issued on September 19, 2018, which also denied DirecTV's motion for default judgment. ECF No. 46.

Undeterred, Defendants filed their sixth motion to dismiss—*see* ECF Nos. 12, 13, 25, 30, 42, 47—on October 26, 2018, to which DirecTV responded on November 9, ECF No. 49. For the reasons stated, Defendants' motion to dismiss is DENIED and they are hereby ORDERED to show cause in writing by January 25, 2019, why the Court should not enter default judgment against them.

**DISCUSSION**

Defendants' motion fails for the same two reasons that the Court gave in its decision and order issued on June 29, 2017: to the extent Defendants make any arguments not included in previous motions they are barred by Federal Rule of Civil Procedure 12(g)(2) and, in any event, the motion is meritless. *See* ECF No. 32 at 2-3. Defendants' motion contains only a factual account of the events in question that contradicts what is in the complaint. It does not attempt to show that DirecTV has failed to state a claim as a matter of law or that the facts it provides fail to state a claim. *See Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (explaining that a court accepts all factual allegations in a complaint as true on a motion to dismiss). Consequently, Defendants' motion to dismiss, ECF No. 47, is DENIED.

Defendants have been ordered to answer the complaint three times—*see* ECF Nos. 21, 24, 32, 46—and have failed to follow the Court's order each time. The Court also warned them twice that a failure to answer or follow a Court order could result in sanctions, including default judgment. *See Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 451 (2d Cir. 2013) (affirming district court's entry of default judgment after defendant failed to answer the complaint and oppose a motion for default judgment). Consequently, Defendants are hereby ORDERED to show cause in writing by January 25, 2019, why the Court should not enter default judgment against them.

IT IS SO ORDERED.

Dated: December 21, 2018
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court