UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DIRECTV, LLC, a California limited liability company,

No. 1:15-cv-00474-FPG

Plaintiff,

**DECISION AND ORDER**

v.

PAUL WRIGHT and THERESA WRIGHT, d/b/a ANAMETRICS CABLE,

Defendants.

**INTRODUCTION**

Plaintiff DIRECTV, LLC, brought this action against Defendants Paul and Theresa Wright, alleging that they unauthorizedly transmitted DIRECTV's satellite television programming to subscribers of their cable company, Anametrics Cable, in violation of 47 U.S.C. § 605(a). ECF No. 1 ¶ 1. On December 16, 2019, the Court granted DIRECTV's motion for default judgment against Defendant Paul Wright. ECF No. 54. The Court found that DIRECTV was entitled to recover its attorneys' fees and costs pursuant to 47 U.S.C. § 605(e)(3)(B)(iii) and ordered DIRECTV to submit an application setting forth the amount of attorneys' fees and costs it seeks. *Id.* On January 15, 2020, DIRECTV filed its application for attorneys' fees and costs. ECF No. 55. As set forth below, DIRECTV's application is GRANTED IN PART.

**I.    Attorneys' Fees**

When awarding attorneys' fees pursuant to 47 U.S.C. §605(e)(3)(B)(iii), courts in the Second Circuit use the "lodestar" method, multiplying the number of hours counsel reasonably spent on the matter by a reasonable hourly rate. *Joe Hand Promotions, Inc. v. Khan*, No. 17-CV-03744 (PKC)(RER), 2018 WL 3973008, at *2 (E.D.N.Y. Aug. 20, 2018).

To determine whether the number of hours spent was reasonable, courts look to the time records, which must be contemporaneous and show the date, hours expended, and the nature of the work done for each attorney. *U.S. Bank, N.A. v. Byrd*, 854 F. Supp. 2d 278, 287 (E.D.N.Y. 2012). "The number of hours claimed must be 'supported by time records and not be excessive or duplicative.'" *Id.* (quoting *LeBlanc–Sternberg v. Fletcher*, 143 F.3d 748, 756, 764 (2d Cir. 1998)). "[A] court should adjust the hours actually billed to a number the court determines to have been reasonably expended." *Id.* The burden is on the movant to establish the hours for which it seeks reasonable compensation, and the district court's choice of rates is within its discretion. *Gen. Nutrition Inv. Co.*, 817 F. Supp. 2d at 75.

To determine whether the hourly rate was reasonable, courts look to what a reasonable client would be willing to pay. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 493 F.3d 110, 112 (2d Cir. 2007)). "Reasonable hourly rates are determined by reference to fees in the community in which the action is pending and to the skill and experience of the attorneys who worked on the matter." *Gen. Nutrition Inv. Co. v. Gen. Vitamin Ctrs., Inc.*, 817 F. Supp. 2d 66, 75 (E.D.N.Y. 2011). A party seeking an attorneys' fee award using out-of-district rates "must make a particularized showing, not only that the selection of out-of-district counsel was predicated on experience-based, objective factors, but also of the likelihood that use of in-district counsel would produce a substantially inferior result." *Simmons v. New York City Transit Auth.*, 575 F.3d 170, 176 (2d Cir. 2009).

Here, DIRECTV seeks a total of $63,916.00 in attorneys' fees for 167.8 hours of work. DIRECTV was represented by two law firms: Yarmuth LLP, based in Seattle, Washington, and Saiber LLC, based in the New York metropolitan area. Attorneys from both firms regularly represent DIRECTV in its litigation matters. For example, the lead attorney from Yarmuth has

represented DIRECTV as lead counsel for 18 years in numerous cases like the one here. Another Yarmuth attorney is one of the most experienced satellite television anti-piracy attorneys in the country and has represented DIRECTV for over 20 years. One of the Saiber attorneys has represented DIRECTV for over 16 years in over 200 different matters.

Yarmuth seeks $50,457.50 in attorneys' fees for the work of four attorneys and one paralegal. The four Yarmuth attorneys had between 15 and 32 years of experience and their hourly rates ranged from $385-$490. The paralegal is a "senior" paralegal whose hourly rate was $190. ECF No. 55-1 at 2-3.

Saiber seeks $13,458.50 in attorneys' fees for the work of four attorneys. The four Saiber attorneys had between 2 and 27 years of experience and their hourly rates ranged from $190-$390. ECF No. 55-2 at 2-6.

**A. Hourly Rates**

The hourly rates charged by the attorneys from both firms are higher than what is typical in the Western District of New York, but the Court finds them to be reasonable. Even the attorneys with decades of experience billed below $500 per hour. The Court has recently found hourly rates of $500 or less to be reasonable for attorneys with similar experience. *See, e.g.*, *Wells Fargo Bank v. LLHC Realty, LLC*, No. 6:15-cv-06680-FPG-MWP, ECF No. 99 at 9-10 (W.D.N.Y June 25, 2019) (accepting hourly rates of $405 and $470 for partners with 35-40 years of experience); *Am. Auto. Ass'n, Inc. v. AAA Logistics, Inc*., No. 18-CV-6040-FPG, 2019 WL 1349283, at *6 (W.D.N.Y. Mar. 26, 2019) (in intellectual property case, reducing out-of-district rate of $1,000 per hour for partner with 30 years of experience to $500 per hour); *Chowaniec v. E-Z Loan Auto Sales, Inc*., No. 16-cv-360-LJV-HBS, 2018 U.S. Dist. LEXIS 160238, at *7 (W.D.N.Y. Sep. 19, 2018)

(finding that $300 per hour is a reasonable rate for a partner with six or seven years of experience, and that $250 a reasonable rate for an associate attorney with similar experience).

However, the Court will reduce the hourly rate billed by Yarmuth's paralegal to $100 per hour. The rate at which the paralegal billed—$190 per hour—is significantly higher than what is typical in the Western District. *See, e.g., Granite Music Corp.*, 786 F. Supp. 2d at 739 (finding $120 per hour to be a reasonable hourly rate for a paralegal with over 20 years of experience); *Langhorne v. Takhar Grp. Collection Servs., Ltd*., No. 13-CV-231C, 2016 WL 1177980, at *2 (W.D.N.Y. Mar. 28, 2016) (in FDCPA case, finding $50 per hour reasonable for a paralegal); *Ortez v. First Asset Recovery Group, LLC*, 2014 WL 1338835, at *3 (W.D.N.Y. Apr. 2, 2014) (finding $75 per hour reasonable for a paralegal). Here, Yarmuth described its paralegal as "senior," but did not identify how many years of experience he had. Accordingly, the Court will adjust his hourly rate to $100.

**B. Hours Spent**

Yarmuth billed 122.3 hours and Saiber billed 45.5 hours for a collective total of 167.8 hours. Although DIRECTV obtained a judgment by default in this case, the *pro se* defendants did appear and filed six motions to dismiss which DIRECTV had to litigate. DIRECTV was also required to attend oral argument. In their affirmations in support of their application for attorneys' fees, the Yarmuth and Saiber attorneys both indicate that the fees they charged and hours they expended were reasonable in light of the complexity of the case and the result obtained—a substantial award of statutory damages. ECF Nos. 55 at 3; 55-1 at 5; 55-2 at 5. Indeed, this case has spanned over four years and has been complicated by the defendants' failure to properly respond to DIRECTV's complaint. Accordingly, the Court finds that the hours spent on this case were reasonable.

## C. Total

Yarmuth's paralegal billed 22.7 hours. Multiplying that by the reduced hourly rate of $100 equals $2,270.00. The Yarmuth attorneys collectively billed $46,144.50. Thus, the total fee award for Yarmuth is $48,414.50. The Saiber attorneys collectively billed $13,458.50. Thus, Court awards DIRECTV a total of $61,837.00 in attorneys' fees.

## II. Costs

DIRECTV also seeks to recover $2,415.50 in costs incurred by Yarmuth and $985.82 in costs incurred by Saiber for a total of $3,401.32. The Court has reviewed the firms' costs itemizations, which include expenditures for copying, filing, legal research, travel, and postage, and finds that these costs are recoverable. ECF Nos. 55-1 at 13, 55-2. *See Libaire v. Kaplan*, No. 06-CV-1500, 2011 WL 7114006, at *9 (E.D.N.Y. June 17, 2011), *adopted in part and modified in part by* 2012 WL 273080 (E.D.N.Y. Jan. 30, 2012) (explaining that "[e]xpenditures for photocopies, postage, binding, filing, and travel are routinely recoverable"); *James v. Nat'l R.R. Passenger Corp.*, No. 1:02-CV-03915-RJH, 2005 WL 6182322, at *21-22 (S.D.N.Y. Mar. 28, 2005) (describing various types of recoverable costs).

Accordingly, the Court awards DIRECTV $3,401.32 in costs.

## CONCLUSION

For the reasons stated, DIRECTV's application for attorneys' fees and costs is GRANTED IN PART. Paul Wright shall pay DIRECTV $61,837.00 in attorneys' fees and $3,401.32 in costs.

IT IS SO ORDERED.

Dated: January 21, 2020
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court

5